## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DONALD V. PEARCE, JR.,
    Plaintiff,

    v.

No. 3:13-cv-01580 (JAM)

DAVID MIELE, SHEILA MOSES,
    Defendants.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Donald Pearce has sued defendant David Miele, a police detective who obtained plaintiff's banking records by means of a search warrant served on plaintiff's bank. Plaintiff does not contest the validity of the search warrant. Instead, his sole complaint is that defendant improperly shared the records with an accountant who was preparing to testify against plaintiff in a civil lawsuit. He claims that defendant's conduct amounted to an unconstitutional search and seizure of his banking records, an unconstitutional violation of his right to substantive due process, and an invasion of privacy under Connecticut state law.

For the reasons that follow, I reject plaintiff's federal constitutional claims. As to the claim of an unconstitutional search and seizure, the law is well established that a bank customer does not have a constitutionally protected ownership interest or privacy rights in his bank's records of the customer's banking transactions. As to the substantive due process claim, no reasonable jury could conclude that defendant's conduct was constitutionally arbitrary or shocking to the conscience of a civilized society, especially in light of the undisputed fact that defendant sought and received permission from a state prosecutor to share the banking records as he did. Accordingly, I will grant defendant's motion for summary judgment as to plaintiff's

1

constitutional claims. In view that this case was removed to federal court from Connecticut state court, I will otherwise remand to the Connecticut Superior Court for consideration of plaintiff's remaining state law claims.

## BACKGROUND

The following facts are undisputed. Defendant was a detective for the Manchester Police Department, and he conducted a police investigation into allegations that plaintiff's late wife had embezzled funds from her former employer, a dental practice in Manchester. As part of his investigation, defendant drafted a search warrant application seeking banking records in the name of plaintiff or his late wife that were held by People's United Bank. The warrant was approved by a state court judge. Upon receipt of the signed warrant, the bank sent defendant various records concerning the accounts of plaintiff and his wife. The criminal investigation was later closed without resulting in charges against plaintiff.

The dental practice eventually filed a lawsuit against plaintiff, seeking recovery of allegedly wrongfully taken funds. Sheila Moses, a certified public accountant who had previously done accounting work for both the dental practice and plaintiff and his wife, was to serve as a witness for the dental practice at a court hearing concerning the state case. In advance of the hearing, she contacted defendant requesting "copies of documents that may be part of the investigation into the [dental practice] embezzlement." Doc. #39-4 ¶ 45.[1] It is undisputed that defendant gave this material to Moses only after obtaining "clearance to do so from the Assistant State's Attorney for Manchester." *Ibid.*

Thereafter, plaintiff initiated this lawsuit against defendant in Connecticut state court.

---

[1] About two weeks before receiving this request from Moses, defendant had been subpoenaed by the dental practice's attorney to testify at a hearing and to produce all documents in his possession. The parties disagree about whether defendant's production of the documents to Moses was part-and-parcel of his subpoena compliance. I need not resolve this dispute to resolve this motion.

Plaintiff complains that defendant's act of providing copies of bank records to Moses violated his

federal constitutional rights to be free from unreasonable search and seizure and to substantive

due process under the Fourth and Fourteenth Amendments. He also alleges state law claims of

invasion of privacy.[2] Defendant removed the case to this federal court, and he has filed a motion

for summary judgment.

## DISCUSSION

The principles governing a motion for summary judgment are well established. Summary

judgment may be granted only "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*). "A genuine dispute of

material fact 'exists for summary judgment purposes where the evidence, viewed in the light

most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's

favor.'" *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting *Guilbert v.

Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)). The evidence adduced at the summary judgment

stage must be viewed in the light most favorable to the non-moving party and with all

ambiguities and reasonable inferences drawn against the moving party. *See, e.g.*, *Tolan*, 134 S.

Ct. at 1866; *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013). All in all, "a

'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial.'" *Tolan*, 134 S. Ct. at 1866

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

### Fourth Amendment Claim

The Fourth Amendment guarantees "[t]he right of the people to be secure in their

---

[2] Plaintiff's complaint also asserts claims against Sheila Moses. Without objection, the Court previously granted Moses's motion for summary judgment as to all claims asserted against her. *See* Doc. #46. This order addresses only claims asserted against defendant Miele.

persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.

amend. IV. A predicate to any claim of a Fourth Amendment violation is that there has been

either a "search" or a "seizure." A "search" for purposes of the Fourth Amendment occurs when

the police intrude upon a person's reasonable expectation of privacy, or if the police otherwise

trespass upon a person's body, house, papers, or effects for the purpose of acquiring information.

*See Florida v. Jardines*, 133 S. Ct. 1409, 1414 (2013); *United States v. Jones*, 132 S. Ct. 945,

951 n.5 (2012). A "seizure" of property for purposes of the Fourth Amendment occurs when the

police meaningfully interfere with an individual's possessory interest in that property. *See Soldal*

*v. Cook County, Ill.*, 506 U.S. 56, 61 (1992).

In *United States v. Miller*, 425 U.S. 435, 440–43 (1976), the Supreme Court held that a

bank customer has neither a property interest nor a reasonable expectation of privacy in banking

records obtained by law enforcement from a customer's bank. A bank's records are not a

customer's "private papers," but are "the business records of the banks"; a bank customer "can

assert neither ownership nor possession" over such documents for Fourth Amendment purposes.

*Id.* at 440. The Court further ruled that a bank customer has no reasonable expectation of privacy

in his banking records, because they "contain only information voluntarily conveyed to the banks

and exposed to their employees in the ordinary course of business." *Id* at 442*.* As the Court

explained, "[t]he depositor takes the risk, in revealing his affairs to another, that the information

will be conveyed by that person to the Government," and "the Fourth Amendment does not

prohibit the obtaining of information revealed to a third party and conveyed by him to

Government authorities, even if the information is revealed on the assumption that it will be used

only for a limited purpose and the confidence placed in the third party will not be betrayed." *Id.*

at 443; *see also Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 822 (2d Cir. 2015) (same);

*see generally* Orin S. Kerr, *The Case for the Third-Party Doctrine*, 107 Mich. L. Rev. 561 (2009).

At oral argument, plaintiff contended that *Miller* is no longer good law in view of Congress' subsequent passage of the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401, *et seq*. I do not agree. It is true that RFPA was a "congressional response" to the *Miller* decision, and that Congress intended RFRA to "protect the customers of financial institutions from unwarranted intrusion into their records." H.R. Rep. 95–1383, 28, 1978 U.S.C.C.A.N. 9273, 9305–06. But, as Congress itself recognized, the protections afforded by the RFPA are statutory—not constitutional. *See id.* at 9306. ("[W]hile the Supreme Court found no constitutional right of privacy in financial records, it is clear that Congress may provide protection of individual rights beyond that afforded in the Constitution.").

Moreover, the RFPA does not purport to create an impregnable wall of privacy for one's banking records. To the contrary, it allows and regulates access to bank records by federal government agencies. For good reason, plaintiff does not allege defendant violated the RFPA, because the RFPA's dictates do not apply to state or local police. *See* 12 U.S.C. § 3401(3); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, 2012 WL 1118194, at *4 (E.D.N.Y. 2012).

In any event, so far as I know, every court to expressly consider the question has held that Congress did not overrule or otherwise alter the constitutional rule in *Miller* by enacting the RFPA. *See, e.g.*, *United States v. Kington*, 801 F.2d 733, 737 (5th Cir. 1986) (RFPA creates "statutory, not constitutional" rights); *Whiteman v. United States*, 2007 WL 2746698, at *5 (N.D. Ga. 2007) ("any failure to comply with the RFPA does not amount to a Fourth Amendment violation as the statute does not create a constitutional expectation of privacy"); *Best v. Johnson*, 2004 WL 2301233, at *3–4 (E.D. Ark. 2004) (same). Moreover, both the Supreme Court and the

Second Circuit have continued to cite and apply *Miller*'s constitutional rule long after Congress

passed the RFPA in 1978. *See, e.g.*, *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743 (1984);

*Clapper*, 785 F.3d at 822; *In re McVane*, 44 F.3d 1127, 1138 n.4 (2d Cir. 1995). The *Miller*

decision remains good law, and it is binding on me.

This is not to say that a bank may haphazardly disclose its records concerning a

customer's accounts to random individuals. Such activity would likely run afoul of the RFPA

and various other federal and state laws. And a government official who lawfully comes into

possession of bank records might well violate some federal or state law by disclosing the records

to third parties. The lesson from *Miller* is simply that these activities—however improper—do

not implicate the bank customer's protectable interests under the Fourth Amendment.

Plaintiff's Fourth Amendment claim in this case is predicated entirely on defendant

giving Moses copies of financial records that he obtained by search warrant from plaintiff's

bank. Because plaintiff lacks a protected Fourth Amendment interest in the records maintained

by his bank, I will grant defendant's motion for summary judgment as to plaintiff's Fourth

Amendment claim.

### *Substantive Due Process Claim*[3]

The substantive component of the Fourteenth Amendment's due process clause protects

against certain forms of governmental conduct that is so noxious and abusive that it can be said

to shock the conscience. *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998).

Any wrongful conduct by defendant in this case falls well short of this demanding standard.

Defendant lawfully obtained bank records directly from a financial institution pursuant to a valid

warrant. After his criminal investigation was closed, defendant provided copies of these bank

---

[3] Plaintiff's complaint also raises a procedural due process claim, but plaintiff's counsel abandoned this claim in his briefing and at oral argument. Nor, in light of *Miller,* does plaintiff have a plausible claim of a property interest in the records obtained by defendant from the bank.

records to an individual who was a witness in a related civil lawsuit after obtaining clearance to

do so from a local prosecutor.

Even assuming that defendant's decision to give copies of the documents to Moses

exceeded the authority of the state search warrant or was a violation of some (unidentified)

statute or regulation, that violation alone would not give rise to a substantive due process

violation. *See, e.g.*, *Kuck v. Danaher*, 600 F.3d 159, 167 (2d Cir. 2010) (noting that "substantive

due process does not entitle federal courts to examine every alleged violation of state law");

*Interport Pilots Agency v. Sammis*, 14 F.3d 133, 145 (2d Cir. 1994) ("Overzealous or erroneous

government action alone does not give rise to a constitutional violation."). No reasonable fact

finder could conclude that defendant's conduct was conscience-shocking, oppressive, or arbitrary

in the constitutional sense. Accordingly, I will grant summary judgment on plaintiff's substantive

due process claim.

### State Tort Claims

Plaintiff raises two types of invasion of privacy claims—for unreasonable intrusion upon

the seclusion of another and unreasonable publicity given to another's private life—under

Connecticut tort law. Because all federal claims are being dismissed, I decline to exercise

supplemental jurisdiction over these remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

I will remand the case to the Connecticut Superior Court, because "this case is 'the usual

case in which all federal-law claims are eliminated before trial' such that 'the balance of factors

to be considered . . . judicial economy, convenience, fairness, and comity . . . point toward

declining to exercise jurisdiction over the remaining state-law claims.'" *Kolari v. New York-*

*Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (quoting *Carnegie-Mellon University v.*

*Cohill*, 484 U.S. 343, 350 n.7 (1988)). In my view, it is appropriate for the Connecticut state

courts—rather than this federal court—to consider plaintiff's invasion of privacy claims in view of the apparent novelty of these claims as presented in the factual context here. *See Huston v. Cossette*, 2015 WL 601216, at *2 (Conn. Super. Ct. 2015) (noting that "[t]he Connecticut Appellate Courts have yet to interpret what constitutes an invasion of privacy" for purposes of a claim for "unreasonable intrusion upon the seclusion of another" (internal quotation marks and citation omitted)); *Carty v. High Precision, Inc.*, 2015 WL 4098224, at *10 (Conn. Super. Ct. 2015) (analyzing unreasonable publicity claim by applying standards from other Superior Court cases).

**CONCLUSION**

Defendant's motion for summary judgment (Doc. #39) is GRANTED as to all federal claims. The case is hereby REMANDED to the Connecticut Superior Court for the judicial district of Hartford for consideration of plaintiff's state tort law invasion of privacy claims.

It is so ordered.

Dated at New Haven this 28th day of July 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge